**Myron S. ASTON, Jr.,**
**Plaintiff-Appellee,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
**Defendant-Appellant.**

**No. 332, Docket 86–6125.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 30, 1986.

Decided Dec. 24, 1986.

Craig A. Benedict, Asst. U.S. Atty., N.D. N.Y., Syracuse, N.Y. (Frederick J. Scullin, Jr., U.S. Atty. N.D.N.Y., Syracuse, N.Y., of counsel), for defendant-appellant.

Philip J. Artz, Binghamton, N.Y. (Ball & McDonough, Binghamton, N.Y., of counsel), for plaintiff-appellee.

Before MANSFIELD, MESKILL and MINER, Circuit Judges.

MESKILL, Circuit Judge:

The Secretary of Health and Human Services (Secretary) appeals from Judge McCurn's award of attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (1982), as a result of a successful suit for social security disability benefits brought by Myron S. Aston, Jr.

## BACKGROUND

Aston brought the underlying action to appeal a final decision by the Secretary that Aston was not disabled and denying him benefits. The district court reversed the Secretary and remanded for calculation of benefits. Aston received $88,000 in past due benefits and a continuing award of $834.40 per month.

On April 25, 1986, the court concluded that the Secretary's opposition to Aston's claim for benefits lacked substantial justification and awarded Aston attorney's fees in the amount of $17,000 and costs of $555.55. The award of attorney's fees was based on 200 hours, as reduced by the court from Aston's requested 230 hours, at a rate of $85 per hour. The Secretary complains that the entire award is excessive. We disagree but reduce the hourly rate to $75 and affirm the judgment as amended.

## DISCUSSION

The Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA), provides that a court shall award attorney's fees to a prevailing party in a suit against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. *International Woodworkers of America v. Donovan*, 769 F.2d 1388, 1390 (9th Cir.1985). The Secretary does not contest the court's determination that her position was not substantially justified. The only issue on this appeal is whether

the award of $17,000 in attorney's fees is excessive.

The district court based its award on an hourly rate of $85. The EAJA, however, provides that:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that

> .   .   .   .   .

> (ii) attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

The transcript reveals virtually no explanation of the $85 per hour figure. The statute's $75 per hour maximum, and its requirement of special factors for increases above that maximum, are mentioned nowhere. The only discernible explanation in the record suggests that the court increased the hourly rate because of the large disability judgment ($88,000) obtained by Aston and a contingency fee agreement whereby Aston agreed to pay his attorneys twenty-five percent of the judgment, J.App. at 12–13, which would have resulted in a fee of $22,000. *See* J.App. at 12 (noting $22,000 figure).[1] Although the district court's findings are not clear in this regard, it appears that the court divided the $22,000 figure by the 230 compensable hours requested by Aston's attorneys and arrived at a figure of $96 per hour. J.App. at 12. The court then apparently determined that $96 per hour was too high and reduced it to $85.

The EAJA's language and legislative history direct that courts, in their discretion, may adjust the $75 maximum hourly rate on the basis of "special factors." *Action on Smoking and Health v. C.A.B.*, 724 F.2d 211, 218 & n. 32 (D.C.Cir.1984). The statute itself offers little guidance as to the range of considerations that constitute such special factors. It merely refers to "the limited availability of qualified attorneys for the proceedings involved," 28 U.S.C. § 2412(d)(2)(A)(ii), as an example of a special factor.

■ The EAJA's legislative history provides: "the computation of attorney fees should be based on prevailing market rates *without reference* to the fee arrangements between the attorney and client." H.R. Rep. No. 1418, 96th Cong., 2nd Sess. 15, *reprinted in* 1980 U.S.Code Cong. & Ad. News 4984, 4994 (emphasis added). The EAJA's legislative history expressly attempts to exclude from consideration individual fee arrangements such as the one relied on by the court. The district court, therefore, erred when it exceeded the $75 maximum figure without making a finding that there existed here a special factor within the meaning of the EAJA.

■ The Secretary also contests the district court's allowance of 200 hours. Although Aston's counsel probably wasted some time in the drafting of pleadings and memoranda and in unnecessarily moving for summary judgment in 1981, the district court has broad discretion in this area. The court did reduce the number of allowable hours from Aston's requested 230 to 200. The district court need not have scrutinized each action taken or the time spent on it, *New York Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1146 (2d Cir.1983), and the unnecessary summary judgment motion was not separable from the claim on which Aston ultimately prevailed. *McCann v. Coughlin*, 698 F.2d

---

**1.** The size of a judgment sometimes reflects the quality of representation received by the private litigant, a factor which plays an important part in the computation of attorney's fees under the civil rights statutes. *Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S.Ct. 1933, 1943, 76 L.Ed.2d 40 (1983) (interpreting 42 U.S.C. § 1988). We need not decide whether this factor applies to the calculation of attorney's fees under the EAJA because there is no indication that the district court considered the size of Aston's judgment for this purpose. *See generally Action on Smoking and Health v. C.A.B.*, 724 F.2d 211, 218–20 (D.C.Cir.1984) (factors applicable in setting hourly rates under EAJA also applicable in setting hourly rates under civil rights statutes).

112, 129–30 (2d Cir.1983). The district court's allowance of 200 hours will not be disturbed.

 Finally, the Secretary attacks the district court's allowance of $555.55 in telephone, postage, travel and photocopying costs. We hold that these expenses are reimbursable under the EAJA as reasonable "fees and other expenses." 28 U.S.C. § 2412(d)(2)(A). *See International Woodworkers of America,* 769 F.2d at 1392 (all costs normally billed to client recoverable under EAJA). *But see Action on Smoking and Health,* 724 F.2d at 223–24 (costs of travel, filing, wrapping and postage not compensable under EAJA). The examples of allowable expenses set out in section 2412(d)(2)(A) are not exclusive. The district court's allowance of $555.55 need not be disturbed.

We amend the judgment by reducing the hourly rate from $85 to $75 for a total reduction of $2,000 in the attorney's fees allowed and affirm the judgment as amended. The parties shall bear their own costs.