**Joaquin ARZUAGA, Plaintiff-Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 77, Docket 86–6167.**

United States Court of Appeals, Second Circuit.

Submitted Sept. 17, 1987.

Decided Nov. 13, 1987.

Rudolph W. Giuliani, U.S. Atty., Southern District of New York (Donna H. Lieberman, Sp. Asst. U.S. Atty., Steven E. Obus, Asst. U.S. Atty., Southern District of New York, of counsel), for defendant-appellee.

Paul Eskenazi, New York City, for plaintiff-appellant.

Before CARDAMONE, WINTER and MINER, Circuit Judges

PER CURIAM:

Despite our concerted effort in opinion after opinion to educate the administrative law judges (ALJs) in the United States Department of Health and Human Services regarding this Circuit's treating physician rule, there remain some ALJs who apparently are unaware of the rule's existence. Being ignorant of it they, obviously, do not apply it, leaving us no recourse except to remand the case to the Secretary for application of the rule. Such is the situation in the instant case.

Plaintiff Joaquin Arzuaga appeals from a judgment of the United States District Court for the Southern District of New York (Sand, J.) that dismissed his complaint in which he sought disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–433 (1982). In a March 1985 hearing, an ALJ found Mr. Arzuaga unable to perform his past work as a sprayer/sander. But because the ALJ found that appellant retains residual capacity for a wide range of "light" work, he decided that appellant was not entitled to disability benefits under the Social Security Act. The Department of Health and Hu-

man Services' Appeals Council affirmed the ALJ's ruling. The district court held that there was substantial evidence to support the Secretary's findings and affirmed the denial of benefits in an opinion dated June 24, 1986 and in a supplemental opinion dated February 6, 1987.

The record before us reveals that Mr. Arzuaga worked as a sander/sprayer for 25 years until March 1984, when he stopped working because of medical problems with his bladder that left him feeling too weak to get up and get to work on time. At the time of his disability benefits hearing, Dr. Espejo had been treating claimant for a year, with visits once every three weeks. Before that he had also consulted with Drs. Saez and Zayas on several occasions. Testifying at the hearing, the 54–year old claimant complained of pain in the chest and lower back for which he was being treated.

Dr. Zayas' letter of March 1984 indicated a dysfunction of claimant's gallbladder, but surgery had been postponed because the patient was overweight. Dr. Espejo's diagnosis was that Arzuaga was suffering from angina pectoris, hypertensive heart disease and dizziness due to 25 years' exposure to chemicals used in his spraying/sanding work. Dr. Espejo, the treating physician, was of the opinion that claimant could not work. Dr. Balinberg, a consultative examining physician, saw claimant on November 14, 1984. That doctor diagnosed Arzuaga as having hypertension, atypical chest pain and was of the opinion that appellant's ECG could represent coronary artery disease. Dr. Balinberg gave no opinion regarding claimant's residual functional capacity for work.

In his evaluation of the medical evidence, the ALJ dealt with the treating physician's findings as follows: "Dr. Espejo's totally restrictive assessment of the claimant's physical capacities is not found to be supported by his own objective clinical findings, inconsistent with the claimant's own estimation of same at the hearing and not given great weight." Although we have reversed similar determinations in more than a score of cases, *see*

*Hidalgo v. Bowen*, 822 F.2d 294, 297 (2d Cir.1987), some administrative law judges apparently remain unaware of this Circuit's treating physician rule. That rule states that the claimant's treating physician's diagnoses and findings regarding the degree of claimant's impairment are binding on the ALJ unless there is substantial evidence to the contrary. *Schisler v. Heckler*, 787 F.2d 76, 81 (2d Cir.1986). In the case at bar, the ALJ's statement which, in effect, "second-guesses" Dr. Espejo's evaluation indicates that he was unaware of—or unwilling to apply—the rule that makes the opinion of the medical expert actually treating the claimant binding upon the fact-finder. *See Hidalgo*, 822 F.2d at 296–97.

Consequently, the matter must be remanded to the district court with directions that it remand this case to the Secretary in order for the ALJ to apply the treating physician rule. In remanding this case, we express no opinion on the merits of appellant's claim for benefits.

Reversed and remanded.