**Bessie L. BARRIGER, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**No. 86–CV–602.**

United States District Court,
N.D. New York.

Nov. 23, 1987.

Charles C. Hanley, Binghamton, N.Y., for plaintiff.

Frederick J. Scullin, Jr., U.S. Atty., Albany, N.Y. (Barbara D. Cottrell, Asst. U.S. Atty., of counsel), for defendant.

## MEMORANDUM DECISION AND ORDER

McCURN, District Judge.

On May 4, 1987, this court reversed a decision of the Social Security Administration and ordered it to calculate and disburse past-due benefits to the plaintiff Bessie L. Barriger. Having entered into a stipulation of dismissal in keeping with this court's recent opinion in *LaManna v. Secretary of Health and Human Services,* 651 F.Supp. 373, 375 (N.D.N.Y.1987), the plaintiff now makes this application for attorney's fees pursuant to 42 U.S.C. § 406(b) and 28 U.S.C. § 2412(d)(1)(A), the Equal Access to Justice Act ("EAJA"). As required by the EAJA, the plaintiff asserts that the defendant Secretary of Health and Human Services was not "substantially justified" in opposing her application for benefits. Here, the Secretary does not contend that he *was* substantially justified.

The plaintiff requests attorney's fees under 406(b) in the amount of $2,000.00 pursuant to a 25 percent contingency fee contract. At the moment, this figure remains an estimate of the amount due because the Social Security Administration has not yet calculated the benefits owed to Ms. Barriger. She further asserts that the EAJA mandates attorney's fees in the amount of $3,066.25, reflecting 41.75 hours of work on the case calculated at the $75 per hour rate authorized by the statute. The Secretary's sole contention is that certain work hours claimed under the EAJA are excessive or billed at too high a rate.

## DISCUSSION

The Secretary's most substantive claim is that the plaintiff is not entitled to compensation with respect to eleven hours of attorney's time incurred in appearing at motions by the Secretary to vacate a default taken by the plaintiff. This court vacated the default and then proceeded to grant the plaintiff her past-due benefits.

The EAJA provides in pertinent part:

... a court shall award to a *prevailing party* other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). The government argues that, inasmuch as the plaintiff did not prevail on the default motion, she was not a prevailing party on that issue.

██ While recognizing that, in certain circumstances, a plaintiff may not be entitled to compensation as to every claim or motion, the court is not persuaded that such circumstances are present in this case. On August 27, 1986, the plaintiff's attorney, Charles C. Hanley, filed his brief with the court pursuant to an order from the Magistrate. On October 21, he informed the U.S. Attorney's Office by mail that its response papers were overdue. On January 9, 1987, there still being no response from opposing counsel, the plaintiff entered a default with the Clerk of the Northern District. Thereafter, the defendant moved to vacate the default entry, and the plaintiff filed a supplemental brief in opposition to that motion.

On March 23, 1987, Magistrate Ralph W. Smith, Jr., filed his report recommending to the court (1) that the defendant's motion to set aside the default be granted, and (2) that the decision of the Social Security Administration be reversed and remanded in order to calculate past-due benefits. While noting that the defendant in fact failed to file his brief, the Magistrate stated:

It appearing that the default was not willful and that setting aside the default would not prejudice the plaintiff, I am satisfied that the entry of default should be set aside and the defendant's brief accepted for filing and consideration.

*Report–Recommendation* at 2. Thus, the default judgment in this case was set aside in the exercise of judicial discretion primarily because the plaintiff was already entitled to relief on the merits. The interest of justice would not be served if that decision were now used to exclude attorney's hours properly accumulated.

The defendant directs the court's attention to *McCann v. Coughlin,* 698 F.2d 112, 129–30 (2d Cir.1983), which held in a § 1983 context that, where claims are clearly separable, the attorney should not be compensated for the claims which were denied. *Id.* Accordingly, that plaintiff's unsuccessful Eighth Amendment claim based on "indifference to his medical needs" and his due process claim based on excessive disciplinary sanctions were treated as divisible. *Id.* at 119, 129–30. As these facts would indicate, *McCann* has very little relevance to the instant matter. The claims in that case not only involved two distinct constitutional theories but arose from different operative facts as well. The default motion in this case, however, directly relates to the one substantive claim.

Directly on point, however, is *Aston v. Secretary of Health and Human Services,* 808 F.2d 9 (2d Cir.1986). In that case, the Second Circuit did not disturb an EAJA fee award made by this court with respect to an unnecessary summary judgment motion.

Although [plaintiff's] counsel probably wasted some time in the drafting of pleadings and memoranda and in unnecessarily moving for summary judgment in 1981, the district court has broad discretion in this area .... The district court need not have scrutinized each action taken or time spent on it ... and the summary judgment motion was not separable from the claim on which [plaintiff] ultimately prevailed.

*Id.* at 11 (citations omitted). The defendant tries to distinguish *Aston* by claiming that

the default motion is procedural whereas the summary judgment in *Aston* was substantive. This distinction is without merit. Both default and summary judgments are procedural, although they affect substantive rights. Even if they were not, the default motion related directly to the substantive claim. Moreover, in this case it is the government, not the plaintiff, who is guilty of wasting time by grossly exceeding the magistrate's deadline. Finally, unlike the summary judgment motion in *Aston,* the default motion here was perfectly proper and may have been the only means of getting a response from the defendant. Indeed, the plaintiff's attorney may well have been negligent with respect to his disabled client had he not vigorously pursued every means to expedite the proceedings. Conversely, it would be inconsistent with the remedial nature of the EAJA to reward the kind of foot-dragging evidenced by the government in this action. Accordingly, the court holds that the disputed eleven hours is compensable.

■ The remaining claims by the Secretary may be dealt with fairly quickly. The defendant urges that the ten hours spent by the plaintiff's counsel in preparing the application for attorney's fees is clearly excessive, but in the same paragraph directs the court's attention to a case in which eight hours were found *not* to be excessive. *See Fields v. Schweiker,* No. 82–C–2392, slip op. at 3–4 (E.D.N.Y. Oct. 23, 1984). Given the complicated factual setting of the underlying dispute, this court cannot conclude that ten hours on the fee application is excessive.

■ The court similarly refuses to make the award of fee application hours contingent on whether the Secretary is "substantially justified" in opposing the fee application. *Cf. Russell v. Heckler,* 814 F.2d 148, 155 (3d Cir.1987). Such a decision would involve this court in a circular analysis of whether the government was substantially justified in claiming that it was substantially justified. *Cf. Trichilo v. Secretary,* 832 F.2d 743 (2d Cir.1987).

■ Moreover, the court feels no need to disturb a long line of decisions in this dis-

trict to conclude that hours spent on fee applications should be billed at a lesser rate than the statutorily permitted $75 per hour. To bill at $50 per hour, as the defendant suggests, would serve to discourage attorneys from asserting EAJA claims while *encouraging* them to pursue § 406 funds, which come directly out of the client's pocket.

■ Finally, the government contends that hours normally performed by clerical workers or other non-attorneys should be billed at a lesser rate than $75 per hour. *See Action On Smoking and Health v. Civil Aeronautics Board*, 724 F.2d 211, 230–33 (D.C.Cir.1984). Specifically, the defendant objects to a claimed one-half hour spent on mailing two letters and one-half hour spent on serving the Assistant U.S. Attorney with a copy of a summons and complaint. Since this work is essentially clerical in nature the court declines to make an award therefor. Such work should be absorbed within the attorney's overhead and is not separately compensable.[1]

There remains the interesting question, not discussed in the attorneys' submission, of what to do when the amount to be awarded under EAJA exceeds the amount to be awarded under § 406(b). In the usual case, this court would direct the Secretary to disburse funds properly withheld under § 406(b) to the attorney, and the client would be reimbursed with the EAJA funds. In this case, however, it appears that the 25 per cent retainage under § 406 may have a cap of approximately $2,000.00, yet the EAJA figure, reflecting the above analysis, is $3,254.89. The substantive question is then: does § 406, which limits the attorney's recovery from the client to 25 percent, directly or indirectly limit the amount recovered under EAJA?

■ Although this appears to be a novel question in the Second Circuit, an independent review of other jurisdictions reveals that the § 406 limitation *does not* affect the EAJA recovery. *Kemp v. Bowen*, 822 F.2d 966 (10th Cir.1987); *Weakley v. Bowen*, 803 F.2d 575 (10th Cir.1986); *Watford v. Heckler*, 765 F.2d 1562 (11th Cir.1985); *Howard v. Bowen*, 823 F.2d 185 (7th Cir. 1987) (dicta). In such cases, the standard practice is to award both the § 406 *and* EAJA funds to the attorney, with a direction to award the smaller amount to the client. *See* Pub.L. No. 99–80, 99 Stat. 183, 186 § 3;[2] *Weakley, supra,* at 580; *Brissette v. Heckler*, 784 F.2d 864 (8th Cir. 1986); *Guthrie v. Schweiker*, 718 F.2d 104, 108, n. 11 (4th Cir.1983).

The court notes further that the plaintiff's attorney has apparently not made an application for an award for his services performed before the administrative agency amounting to 16 hours in total. [Exh. B, Plaintiff's Mem. of Law] He will be entitled to compensation therefor at the direction of the Secretary, said sum to be paid out of the 25 per cent retainage.

Accordingly, it is hereby

ORDERED, that:

(1) the Secretary pay plaintiff's counsel fees pursuant to EAJA in the amount of $3,244.89, reflecting 40.75 hours at $75 per hour plus $188.64 in expenses; and

(2) the Secretary, after making such an award as is appropriate for attorney's fees necessarily incurred in connection with the administrative proceedings pursuant to 42 U.S.C. § 406(a), pay over the balance, if

---

1. In finding the bulk of the plaintiff's hours justified, the court also notes, although this fact is not dispositive, that the plaintiff could have asked for the $88 per hour rate which has been recently adopted by this district and affirmed in *Trichillo v. Secretary of Health and Human Services*, 823 F.2d 702 (1987). That rate is based on the increase in the cost of living.

2. That amendment provides in pertinent part:
   (b) Section 206(b) of the Social Security Act (42 U.S.C. 406(b)(1) shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code. Section 206(b)(2) of the Social Security Act shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee.

any, from the 25 per cent retainage to the plaintiff's attorney;  and

(3) the plaintiff's attorney pay over to the plaintiff the smaller amount provided for in (1) or (2) above.