[redacted]

**Evelyn POSLEDNIK, Plaintiff,**

**v.**

**Otis BOWEN, M.D., Secretary Health and Human Services, Defendant.**

**No. 83 Civ. 5556 (JES).**

United States District Court, S.D. New York.

Nov. 30, 1987.

[redacted]

**6**

Kramer, Levin, Nessen, Kamin & Frankel, MFY Legal Services, New York City, for plaintiff; Thomas H. Moreland, Betsy Nathan, David Udell, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendant; Mark S. Sochaczewsky, Sp. Asst. U.S. Atty., Diogenes Kakatos, Asst. U.S. Atty., of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff Evelyn Poslednik brought this action pursuant to sections 205(g) and 1631(c)(3) of the Social Security Act, as amended ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3) (1982 & Supp.1987), seeking review of a final decision of the Secretary of Health and Human Services ("the Secretary") that plaintiff is not disabled as defined by the Act, and therefore not entitled to either disability insurance or supplemental security income ("SSI") benefits. The parties have filed cross-motions for judgment on the pleadings pursuant to Fed.R. Civ.P. 12(c), and the Court has reviewed the record and heard oral argument on the motions. For the reasons set forth below, the Court concludes that plaintiff's motion should be granted, and the Secretary's cross-motion should be denied.

## BACKGROUND

Plaintiff, now 57 years old, filed applications for disability insurance and SSI benefits on November 10, 1981, alleging disability due to a slipped disc and sciaticia. *See* Administrative Transcript ("Tr.") at 51–54, 67–76, 89. After the Secretary finally determined that she was not under a disability, plaintiff brought this action. Pursuant to a stipulation and order, the case was remanded to the Secretary in light of *Dixon v. Heckler*, 589 F.Supp. 1494 (S.D.N.Y. 1984).

On remand, the ALJ determined after a supplemental hearing that "plaintiff's subjective complaints of severe, constant pain and a greatly reduced functional capacity [were] not essentially credible and [were] not supported by the objective medical evidence" and that plaintiff's impairment did not prevent her from performing her past relevant work as a secretary. *See* Tr. at 163. Thus, the ALJ determined that plaintiff was not under a disability as defined in the Act. *See id.; see also Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir.1982). After reviewing and considering the evidence submitted, the Appeals Council issued a decision adopting the findings and conclusions of the ALJ and concluding that plaintiff was not disabled because she could return to her past relevant work as a secretary. *See Tr.* at 146–50.

## DISCUSSION

The only issue to be determined by the Court is whether the Secretary's decision that plaintiff was not disabled within the meaning of the Act is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g) & 1383(c)(3); *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed. 2d 842 (1971); *Havas v. Bowen,* 804 F.2d 783, 785 (2d Cir.1986). After carefully reviewing the record, the Court concludes not only that the Secretary's decision is not supported by substantial evidence, but also that the decision is unsupported by *any* evidence that plaintiff could return to her past relevant work.

Plaintiff's treating physicians, Dr. Elliott Hershman and Dr. John P. Reilly, each submitted uncontradicted residual functional capacity questionnaires describing plaintiff's severely limited capacity to sit, stand, or walk. *See* Tr. at 216–19, 253–55. In addition, Dr. Hershman has consistently described plaintiff as "100% disabled," *id.* at 139, 251, 252, and "unable [to] work," *id.* at 126, 249. The ALJ's decision to the contrary, in the absence of any evidence contradicting the treating physicians' opinions, clearly violates this Circuit's treating physician rule, which provides that "a treating physician's opinion on ... diagnosis and nature and degree of impairment is ... binding on the fact-finder unless contradicted by substantial evidence...." *Schisler v. Heckler,* 787 F.2d 76, 81 (2d Cir.1986); *see also Arzuaga v. Bowen,* 833 F.2d 424, 425–26 (2d Cir.1987). Thus, the Court concludes that plaintiff was under a disability within the meaning of the Act.

The next question the Court must address is when plaintiff became disabled. Such an inquiry is not necessary for an award of SSI benefits because Title XVI of the Social Security Act, which governs those benefits, contains no special disability insurance requirement. In contrast, Title II of the Act requires that in order to receive disability insurance benefits, plaintiff must establish that she became disabled prior to the expiration of her insured status. *See* 42 U.S.C. §§ 423(a)(1)(A) & 423(c)(1).

It is undisputed that in this case, plaintiff met the insured status requirements on December 2, 1980, when she alleges she became disabled, but continued to meet those requirements only through September 30, 1981. *See* Tr. at 66, 162; *cf.* Reply Memorandum in Support of Plaintiff's Motion for Judgment on the Pleadings and in Opposition to Defendant's Motion for Judgment on the Pleadings at 10. Thus, in order to receive disability insurance benefits, plaintiff must establish that she became disabled on or before September 30, 1981. Since both the ALJ and the Appeals Council concluded that plaintiff was not disabled, no finding was made by the agency with request to that issue. Nevertheless, for the reasons which follow, the Court concludes that a remand to afford the agency the opportunity to consider that issue is neither necessary nor appropriate in this case.

Plaintiff's medical record verifies the existence of a degenerative spinal condition beginning in 1968, *see* Tr. at 106–10,[1] for which she was treated in 1968 and again in 1975, *see id.* at 31–32, 106–10. Plaintiff was next examined by two Social Security Administration consultative physicians on November 20, 1981, neither of whom made any findings as to degree of disability.[2]

Late in 1981, plaintiff returned to a Dr. Perlroth, who had treated her in the 1970s. On December 1, 1981, and again on January 11, 1982, Dr. Perlroth administered sciatic nerve block shots at the sciatic notch to relieve acute back pain. *See* Tr. at 133–35. X-rays performed on February 10, 1982

---

1. Plaintiff was hospitalized in traction for nearly three weeks in 1968. Thereafter, she returned to her secretarial job on a part-time basis for several months and eventually resumed work full-time. *See* Tr. at 190–91.

2. One of the consulting physicians, a radiologist, prepared an x-ray report which noted narrowing of intervertebral disc space consistent with degenerative disc disease. *See* Tr. at 128–29. The other, a pediatrician, found plaintiff to be in "no acute distress" but failed to state his impressions of the significance of the limitations he did find, although he did diagnose a possible low back strain. *See id.* at 130–31.

**8**

demonstrated disc space narrowing and hypertrophic degenerative changes in relation to these narrowed disc spaces. *See id.* at 117. On February 22, 1982, Dr. Hershman stated that plaintiff was "unable to work because of the advanced nature and chronicity of her condition." *Id.* at 126. Dr. Hershman persisted in this conclusion in subsequent records.

These medical findings, which attest to both the severity and chronic nature of plaintiff's degenerative back condition a few months after September 30, 1981, make it clear beyond any rational doubt that plaintiff was disabled immediately prior to that date. *See Carnevale v. Gardner*, 393 F.2d 889, 890 (2d Cir.1968); *Eiden v. Secretary of Health, Education and Welfare*, 616 F.2d 63, 65 (2d Cir.1980). Indeed, when taken in connection with plaintiff's long history of degenerative spinal disease, this medical evidence constitutes such persuasive proof that plaintiff was disabled on or before September 30, 1981 that any finding to the contrary would not and could not be rationally supported. Therefore, a remand to the Secretary for further findings is not required because any finding that plaintiff was not disabled immediately prior to that date could not be supported by substantial evidence. *See Gold v. Secretary of Health, Education and Welfare*, 463 F.2d 38, 44 (2d Cir.1972).

**CONCLUSION**

Plaintiff's motion for judgment on the pleadings is granted, and the Secretary's cross-motion is denied. The case is remanded to the Secretary solely for a calculation of benefits.

It is SO ORDERED.