**Arlene CARMEL, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**No. 83 Civ. 8899 (WK).**

United States District Court, S.D. New York.

Dec. 13, 1988.

Jeffrey S. Trachtman, Kramer, Levin, Nessen, Kamin & Frankel, David S. Udell, MFY Legal Services, New York City, for plaintiff.

Rudolph W. Giuliani, U.S. Atty., S.D. New York, Kathleen A. Zebrowski, Sp. Asst. U.S. Atty., Civil Div., for defendant.

## MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

Plaintiff, a secretary forced by persistent and severe back pain to leave her employment, brought this action pursuant to 42 U.S.C. § 405(g), seeking review of a determination by the Secretary of Health and Human Services that she was not eligible for Social Security Disability Benefits. In our memorandum and order of March 18, 1988, we noted that the Administrative Law Judge had ignored the Second Circuit's "treating physician" rule and, because we did not see any possibility that "a proper reweighing of the evidence of record by the fact-finder could yield any other conclusion than that plaintiff is disabled and entitled to benefits ...," we declined to remand the case and instead directed the Secretary to award plaintiff benefits. Plaintiff now moves pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), for an award of attorney's fees and costs.

The Secretary lodges no serious criticism of the amount of fees and costs claimed,[1] but merely argues that the plaintiff's attorney, an associate at Kramer, Levin, Nessen, Kamin & Frankel, did more work than the average attorney representing a Social Security plaintiff. It is the implication of the Secretary's opposition that, in view of the complete lack of merit in his position, less thorough work might have achieved the same result. Kramer, Levin, on the other hand, takes the position that a *pro bono* social security benefits client is entitled to the same quality of representation as its regular paying clients.

It appears to us that Kramer, Levin's position is in accordance with common sense and Second Circuit precedent. *See Aston supra*, at 12. We have carefully reviewed the affidavit of fees and costs

1. The Secretary argues that plaintiff is not entitled to recover her actual photocopying expenses, contrary to the clear holding of *Aston v. Secretary of Health and Human Services* (2d Cir.1986) 808 F.2d 9, 12. Citing cases not germane to fee applications under EAJA, the Secretary also urges that plaintiff is not entitled to the cost of computer-assisted legal research. There is simply no precedent for the conclusion that Social Security plaintiffs cannot recover for such expenses and, in light of admonition in *Trichilo v. Secretary of Health and Human Services* (2d Cir.1987) 823 F.2d 702, 707 that the purpose of EAJA is to eliminate fees as "an impediment to challenging unreasonable and unjustified government actions", we decline to so rule.

submitted and are satisfied that it is in no sense "padded." On the contrary, the fees and costs requested are probably less than would be charged a fee-paying client for the same work. We award the requested fees in the amount of $13,168.09 and costs in the amount of $3,016.83.

In light of the Secretary's expressed concern about the cost of this and similar rulings, we suggest that the Secretary devise some method for flagging indefensible rulings so that they may be administratively corrected before a claimant is forced to obtain counsel and file a federal appeal. Conscientious counsel cannot be expected to assume that cursory work will be sufficient to overturn an administrative ruling which may have the Government's support.

SO ORDERED.