**Evelyn POSLEDNIK, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 83 Civ. 5556 (JES).**

United States District Court, S.D. New York.

June 9, 1989.

Kramer, Levin, Nessen, Kamen & Frankel (Lorraine S. Fields, of counsel), MFY Legal Services, Inc. (David S. Udell, of counsel), New York City, for plaintiff.

Benito Romano, U.S. Atty., S.D.N.Y. (Linda A. Riffkin, Sp. Asst. U.S. Atty., of counsel), New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

In this action, plaintiff moves pursuant to 28 U.S.C. §§ 1920 and 2412(d) for an

award of attorneys' fees and costs because the position of the Secretary of Health and Human Services ("Secretary")[1] was not substantially justified. The Secretary does not dispute that attorneys' fees are appropriate, but does contest the amount of the award. For the reasons that follow, the Court concludes that attorneys' fees and costs in the amount of $8,198.09 should be awarded.

In *Poslednik v. Bowen*, 674 F.Supp. 5 (S.D.N.Y.1987), the Court granted plaintiff's motion for judgment on the pleadings. Plaintiff then sought an attorneys' fee award of $23,653.30 for the services of Kramer, Levin, Nessen, Kamin & Frankel and MFY Legal Services, and costs of $430.59. The Court advised the parties that it was inclined to award a reasonable fee for one firm's representation of plaintiff, and the parties then entered into settlement negotiations. Counsel for plaintiff advised the Court by letter that settlement was not possible and that they requested fees and costs in an amount of $19,000.

The purpose of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, is "to ensure that persons aggrieved by unreasonable governmental actions are not prevented from vindicating their claims by the potentially high cost of doing so." *Trichilo v. Secretary of Health and Human Servs.*, 823 F.2d 702, 707 (2d Cir.1987). Here, the Court must award a reasonable fee because the position of the Secretary was concededly not justified. *See* 28 U.S.C. § 2412(d)(1)(A); *Aston v. Secretary of Health and Human Servs.*, 808 F.2d 9, 10 (2d Cir.1986).

█ First, the Court must determine a reasonable hourly rate for the attorneys' fee award. The EAJA provides for a maximum amount of $75 per hour, although that amount may be adjusted upward for the costs of living or other special factors. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). The Court agrees with the other courts in this district that have determined that an upward adjustment should be made for inflation, *see*,

1. Louis W. Sullivan is substituted as defendant    in this action pursuant to Fed.R.Civ.P. 25(d)(1).

*e.g., Lawson v. Bowen,* No. 84 Civ. 4204 (KTD), slip op. at 2, —— F.Supp. ——, —— (S.D.N.Y. Dec. 14, 1987); *see also* Affidavit of Betsey Nathan at ¶¶ 18–20, and that a $95 per hour attorney fee here is reasonable.[2]

 Next, the Court must calculate a reasonable amount of hours for the preparation of this motion, which may not include any amounts that are excessive or unnecessary. *See Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 1939–1940, 76 L.Ed.2d 40 (1983). Time sheets were submitted for the associate involved in this case totaling over 200 hours. The Court determines that this amount is excessive in light of the issues involved in this case, the relative inexperience of the associate, and the prior work done by co-counsel MFY Legal Services.[3] This was a relatively routine social security case involving application of the treating physician rule and no novel or complex issues. The Court concludes that an award for sixty-five hours is reasonable for all the memoranda prepared in this case, and that ten hours is reasonable for the preparation for argument of this motion and the argument itself. The Court finds 5.5 hours by the partner involved on this case and eight paralegal hours to be reasonable.[4]

Plaintiff also seeks costs in the amount of $430.59 for photocopying and document preparation. The Court will award that amount as reasonable "fees and other expenses" under the EAJA. *See* 28 U.S.C. § 2412(d)(2)(A); *Aston, supra,* 808 F.2d at 12. Finally, plaintiff requested that if the award were not granted in full, the hours spent on this fee application should be considered. These amounts are clearly available, *see Trichilo, supra,* 823 F.2d at 708, and plaintiff may submit contemporaneous time records on a supplemental application.

**2.** In addition, the Court finds the $15 per hour fee for paralegal assistance is reasonable.

**3.** The Court notes that MFY Legal Services spent only 22 hours on an earlier brief addressing similar issues. Although a large firm should not be penalized for utilizing the resources at their disposal on behalf of the client, neither

For the reasons set forth above, attorneys' fees and costs are awarded to plaintiff pursuant to the EAJA in the amount of $8,198.09.

It is SO ORDERED.

should the government be required to pay for an inordinate amount of time spent on a relatively routine social security matter.

**4.** This totals 80.5 attorney hours at $95 ($7,647.50), and 8 paralegal hours at $15 ($120), for a total of $7767.50.