**Judy EDWARDS, Plaintiff,**

**v.**

**Jo Anne BARNHART, Commissioner of the Social Security Administration, Defendant.**

**No. MO-01-CA-087.**

United States District Court, W.D. Texas, Midland–Odessa Division.

April 17, 2002.

Elizabeth B. Dunlap, Dallas, TX, for Plaintiff.

Robert Shaw-Meadow, United States Attorney's Office, San Antonio, TX, for Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COURT COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT

FURGESON, District Judge.

Before the Court is Plaintiff's Motion for Attorney Fees and Court Costs Under the Equal Access to Justice Act, filed on March 4, 2002. Because Plaintiff, as a prevailing party, is entitled to an award of fees and other expenses incurred in prosecuting this action and Defendant does not oppose an award of costs, her Motion should be GRANTED.

### DISCUSSION

On February 4, 2002, the Court granted Defendant's Unopposed Motion to Reverse with Remand for Further Administrative Proceedings the Commissioner's finding that Plaintiff was not disabled. Pursuant to the Equal Access to Justice Act (EAJA),[1] Plaintiff then timely requested that Defendant reimburse the costs, expenses, and attorney's fees she incurred in achieving this result. Defendant disputes neither the propriety of such an award[2] nor the amounts claimed for costs and expenses, but does contest the sum sought for attorney's fees.

1. 28 U.S.C. § 2412.

2. Three provisions of the EAJA permit a "prevailing party" to recover expenses incurred in prosecuting a civil action against the United States. A social security claimant, like Plaintiff, whose case is remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) is a prevailing party. *Breaux v. U.S. Dep't of Health & Human Servs.,* 20 F.3d 1324, 1324 (5th Cir.1994).

Section 2412(a)(1) provides that "costs" enumerated in 28 U.S.C. § 1920 may be recovered. Section 2412(b) authorizes an award of attorney's fees and expenses if these fees could be collected under the common law or a statute from a defendant not protected by sovereign immunity, for example, a subject who acted in bad faith. Finally, § 2412(d)(1)(A) mandates that a party who successfully sues the federal government recover "fees and other expenses" unless the government's position was substantially justified or special circumstances make such an award unjust.

Plaintiff invokes the first and third of these provisions, seeking to recover filing and duplication expenditures as costs and attorney's fees and postage expenses as fees and other expenses. Because money paid to the court clerk and for copies necessarily obtained for use in the case are listed in § 1920(1) & (4), respectively, the Court may order that these sums be reimbursed. Because Defendant does not oppose such an award, the Court will do so. Because attorney's fees and postage charges are subsumed by fees and other expenses, Defendant has conceded that its position was not substantially justified, and no special circumstances are evident that would make a fee award unjust, the Court must reimburse these expenditures. 28 U.S.C. § 2412(d)(2)(A); *Jean v. Nelson,* 863 F.2d 759, 777–82 (11th Cir.1988), *cert. granted,* 493 U.S. 1055, 110 S.Ct. 862, 107 L.Ed.2d 947 (1990), *and aff'd,* 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990); *Aston v. Sec'y of Health & Human Serv.,* 808 F.2d 9, 12 (2nd Cir.1986); *Int'l Woodworkers of Am. v. Donovan,* 769 F.2d 1388, 1392 (9th Cir.1985); *see also Sims v. Apfel,* 238 F.3d 597, 602 (5th Cir.2001) (holding that the Commissioner has

An award of attorney's fees under 28 U.S.C. § 2412(d)(1)(A) is to be based upon the prevailing market rate for the kind and quality of the services furnished, capped at $143.60 an hour,[3] unless a special factor justifies a higher fee.[4] Thus, the Court can award Plaintiff, absent some special factor, no more than $4379.80 for the 30.5 hours her attorney dedicated to this matter. However, if the prevailing market rate is below the adjusted statutory cap, that rate caps the award.[5]

Looking to similar cases[6] and statistics compiled by the State Bar of Texas,[7] and given the Court's familiarity with the hourly fees of Dallas attorneys,[8] it appears that their prevailing rate exceeds the adjusted statutory cap. The Court will thus compensate Plaintiff's attorney at $143.60 per hour, believing that a lower rate would fail to guarantee adequate representation for people in Plaintiff's position.[9]

It is therefore ORDERED that Plaintiff's Motion for Attorney's Fees and Court Costs Under the Equal Access to Justice Act be GRANTED. Plaintiff will be reimbursed $61.29 for expenses incurred, $177.60 for costs, and $4379.80 for attorney's fees.

the burden of establishing that its position was substantially justified).

3. That is, $125.00 an hour, adjusted for an increase in the cost of living in the Dallas–Fort Worth area, where Plaintiff's attorney practices. *Pierce v. Underwood,* 487 U.S. 552, 571–74, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *Hall v. Shalala,* 50 F.3d 367 369–70 (5th Cir.1995) (both treating the cost-of-living adjustment as part of the cap itself). From April 1996, the month after the cap was set at $125.00, to January 2002, immediately before this matter was remanded, the cost of living in the Dallas–Fort Worth area increased by 14.88%. United States Department of Labor's Consumer Price Index for All Urban Consumers; *see also Bode v. United States,* 919 F.2d 1044, 1052 n. 8 (5th Cir.1990) (approving courts' use of the CPI–U in making cost-of-living adjustments).

4. 28 U.S.C. § 2412(d)(2)(A).

5. *Hall,* 50 F.3d at 370; *Clevenger v. Chater,* 977 F.Supp. 776, 781 (M.D.La.1997).

6. *E.g., Sandoval v. Apfel,* 86 F.Supp.2d 601, 614 (N.D.Tex.2000) (awarding the Dallas attorney of a successful social security claimant $131.25 per hour, $125.00 adjusted for a rise in the cost of living); *Miller v. Apfel,* No. CIV.A.300CV0107M, 2001 WL 1142763, at *3 (N.D.Tex. Sept. 26, 2001) (awarding $140.70 per hour).

7. In the year 2000, the average hourly fee charged by a Dallas attorney was $205.00, the median rate was $180.00, and the most common rate was $150.00.

Statewide, the average hourly fee charged by attorneys performing administrative and governmental work was $203.00, the median rate was $180.00, and the most common rate was $120.00. State Bar of Texas 2001 Hourly Rate Report.

8. *Mesa Petroleum Co. v. Coniglio,* 629 F.2d 1022, 1030 (5th Cir.1980) ("[A] district judge may fix attorneys fees on the basis of his own experience without the assistance of any testimony.").

9. *Baker v. Bowen,* 839 F.2d 1075, 1082 (5th Cir.1988) ("The purpose of section 2412(d) is to ensure that there is sufficient representation for individuals who need it while minimizing the cost of attorneys' fees awards to the taxpayers.").