**DIRECTOR OF the OFFICE OF THRIFT SUPERVISION, U.S. DEPARTMENT OF the TREASURY, Plaintiff,**

v.

**Pedro R. LOPEZ, Teresa Saldise Ramon Lopez, Defendants.**

**No. 91–942 CIV.**

United States District Court, S.D. Florida.

Jan. 31, 1992.

See also 960 F.2d 958.

Beth Mizuno, Washington, D.C., Elizabeth Stein, Miami, Fla., for Office of Thrift Supervision.

Jose M. Quinon, Miami, Fla., for Pedro R. Lopez.

Marc Cooper, Miami, Fla., for Teresa Saldise.

Addison Meyers, Miami, Fla., for Ramon Lopez.

Herbert S. Shapiro, Shapiro & Weil, Miami Beach, Fla., as the Receiver.

## ORDER ON MOTION TO TAX COSTS

STEPHEN T. BROWN, United States Magistrate Judge.

This cause is before this court on defendant's motion to tax costs pursuant to an order of reference dated November 22, 1991 from the Honorable Federico A. Moreno, United States District Judge for the Southern District of Florida. Since this court is of the opinion that the matter involved herein is non-dispositive in nature, it is being handled pursuant to 28 U.S.C. section 636(b)(1)(A). The subject matter herein is clearly severable from the main legal issues at trial and unconnected with the issues to be litigated at trial thus allowing this matter to be handled in this fashion. *See* e.g. *Bergeson v. Dilworth,* 749 F.Supp. 1555 (D.Kan.1990); *Johnson v. Old World Craftsmen, Ltd.,* 638 F.Supp. 289 (N.D.Ill.1986).

The plaintiff filed a claim against the defendants herein for prejudgment attachment and appointment of a temporary receiver. The court issued an order appointing a receiver and initially ordered the defendants to pay the fees for the receiver. Thereafter, the defendants prevailed in this litigation, though the matter is currently on appeal. The receiver has made a claim for $1,900.00 in fees which the defendants seek to tax against the plaintiff pursuant to Federal Rule of Civil Procedure 54(d). The plaintiff has objected, raising three arguments:

1. The costs of a receiver are not expenses to be taxed.

2. Even if taxable expenses, receivership expenses cannot be taxed against the plaintiff herein.

3. That the taxation of costs is premature since this matter has been appealed. Each of these arguments will be addressed in turn.

## I. COSTS OF A RECEIVER MAY BE A TAXABLE COST

While the plaintiff has cited some law for the proposition that a receiver's compensation is not a "cost" of litigation, much of the law cited is inapplicable herein, because of the general rule that the receiver's compensation is paid out of receivership property. There is considerable case law for the proposition that the courts are

vested with substantial discretion in determining who will pay the costs of the receivership. There is also authority for the proposition that within equitable limits the court has discretion to tax costs and disbursements of the receiver against the party who has caused the administration to occur. *See Pioche Mines Consolid. Inc. v. Dolman*, 333 F.2d 257 (9th Cir.1964); *W.F. Potts Son & Co. v. Cochrane*, 59 F.2d 375 (5th Cir.1932). Furthermore, there is substantial case law that a court in the exercise of those equitable powers may compel the party who procured the receiver to meet the expenses of the receivership. *See e.g. Bowersock Mills & Power Co. v. Joyce*, 101 F.2d 1000 (8th Cir.1939). Recent case law follows the rule of discretion, even if the government is a party. *See e.g. Little Earth of United Tribes, Inc. v. U.S. Dept. of Housing and Urban Development*, 691 F.Supp. 1215 (D.Minn.1988) *affd.*, 878 F.2d 236 (8th Cir.1989); *Donovan v. Robbins*, 588 F.Supp. 1268 (N.D.Ill.1984).

Utilizing this court's equitable jurisdiction, and noting that it was the unsuccessful plaintiff herein who specifically requested appointment of a receiver, this court finds ample authority to allow the expenses of the receiver to be a taxable cost.

## II. THE COSTS OF A RECEIVER MAY BE TAXED AGAINST A GOVERNMENTAL AGENCY

Assuming the receiver's expenses are taxable costs, the next question is whether the costs can be taxed against the Office of Thrift Supervision (OTS) which is a governmental agency.

The taxation of costs and fees against the United States or any agency or official thereof is governed, in part, by 28 U.S.C. section 2412. Under 28 U.S.C. § 2412(a), unless otherwise provided

"a judgment for costs, as enumerated in section 1920 of this title ... may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any offi-

cial of the United States acting in his or her official capacity ...".

§ 2412(d)(1)(A) further provides that:

"... a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States ..., unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust."

Examples of "fees and other expenses" are contained in 28 U.S.C. § 2412(d)(1)(A). Therefore, the cost of the receiver herein may be appropriately taxed against the OTS if this court finds that expense appropriately taxable under either of the sections cited above.

There is substantial case law that authority to tax costs against the United States should be carefully considered pursuant to statutory authority. *See e.g. Georg Jensen, Inc. v. U.S.*, 185 F.Supp. 251 (S.D.N.Y. 1960); *Aycrigg v. U.S.*, 124 F.Supp. 416 (N.D.Cal.1954). The court has wide discretion in determining which items come within 28 U.S.C. § 1920. *See e.g. U.S. v. Ernst and Whinney*, 557 F.Supp. 1152 (N.D.Ga. 1983). This trend toward giving more discretion to the court to determine an award of costs suggests that the costs listed in section 1920 are not the exclusive costs that may be awarded. The legislative history of § 2412(a) shows that the purpose of the provisions is to place the United States in the same position as an ordinary citizen in terms of paying appropriate costs. See *National Organization for Reform of Marijuana Laws v. Mullen*, 828 F.2d 536 (9th Cir.1987). Given this liberal interpretation, it is possible to tax the costs of a receivership against the government.

However, this court feels that it is unnecessary to reach that question given the circumstances in this particular case. This court, having held the evidentiary hearing and having made the report and recommendation which led to the order of the District

Court denying the relief sought by the plaintiff, is of the opinion that the position of the United States was not substantially justified and further that there were no special circumstances so as to prevent awarding to the prevailing party "fees and other expenses, in addition to any costs awarded pursuant to subsection (a)" 28 U.S.C. 2412(d)(1)(A).[1]

While there are listed examples of what constitutes "other expenses" under § 2412(d)(2)(A), our own Eleventh Circuit Court of Appeals has disagreed with the government's argument that these terms must be given limited construction. In fact, the court has found that the items listed under "other expenses" are nothing more than examples of same. See *Jean v. Nelson*, 863 F.2d 759, 777 (11th Cir.1988). It is the opinion of this court that the receiver's costs would come within the definition of "other expenses", especially considering the circumstances of this case including, but not limited to, the fact that the plaintiff herein specifically requested the appointment of the receiver.

---

**1.** It should be noted while there are procedural requirements for filing claims, these procedural requirements have been complied with by the defendants. See 28 U.S.C. 2412(d)(1)(B).

## III. THE TAXATION OF THESE COSTS SHOULD BE WITHHELD

The last question is whether it would be appropriate to enter a money judgment at this time for those costs since the case is currently on appeal. The cases cited by the OTS, while not requiring withholding the taxation of costs pending disposition of appeal, do support the argument that withholding a cost judgment is the more practical method.

Therefore, while this court is of the opinion that the receiver's fee may properly be taxed against the plaintiff herein, the defendant's motion to tax costs is DENIED, without prejudice, pending resolution of the appeal.

DONE AND ORDERED.