[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**JUNE 16, 2005**
**THOMAS K. KAHN**
**CLERK**

_____

No. 04-14057
Non-Argument Calendar
_____

D. C. Docket No. 98-00302-CR-T-24-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRE PEASE,
a.k.a. Magic

Defendant-Appellant.

_____

No. 04-14092
Non-Argument Calendar
_____

D. C. Docket No. 98-00302-CR-T-24EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BEVERLY REEDY,
LASHAUNDA FOSTER,
LATOYA PEASE,

Interested-Party-Appellants.

_____
Appeals from the United States District Court
for the Middle District of Florida
_____
(June 16, 2005)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

In these consolidated appeals, Andre Pease ("Pease"), Beverly Reedy,

Latoya Pease ("Latoya"), and Lashaunda Foster, proceeding pro se, appeal the

district court's orders denying them attorney's fees and costs pursuant to Equal

Access to Justice Act (EAJA), 28 U.S.C. § 2412, and the Hyde Amendment, Pub.

L. No. 105-119, 111 Stat. 2440, 2519 (1997) (reprinted in 18 U.S.C. § 3006A,

historical and statutory notes).

In 1998, pursuant to a plea agreement in which he agreed to forfeit to the

United States his interest in certain real and personal property, Pease pled guilty to

conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C.

§§ 841(a)(1) & 846. After the plea was entered, but before sentencing, upon the

Government's request, the court granted the Government's application for a

preliminary order of forfeiture ("POF") pursuant to Rule 32 of the Federal Rules of

Criminal Procedure.[1] At sentencing, however, the court failed to make the POF

_____

[1] Pease did not object to the entry of the POF.

2

part of its judgment. We affirmed Pease's conviction and sentence on March 1, 2001. United States v. Pease, 240 F.3d 938 (11th Cir.2001)("Pease I").

While Pease's appeal was pending, the Government, drawing on the POF for its authority, published a notice informing third parties that the property described in the POF had been forfeited to the United States and of their right to petition the district court pursuant to 21 U.S.C. § 853(n)(2), (6) for a declaration that they held an interest in such property and that their interest was superior to Pease's forfeited interest. On September 27, 1999, Pease, claiming an interest in three items listed in the POF, also filed a § 853(n)(2) petition. The Government moved to strike Pease's petition on the ground that § 853(n)(2) prohibits a convicted defendant from claiming an interest in forfeited property. On the same day, Latoya, Reedy, and Foster (Pease's sister, mother, and girlfriend, respectively) filed § 853(n)(2) petitions with the district court, claiming an interest in some of the property described in the POF.

In January 2000, while these petitions and the Government's motion to strike them were pending, Pease moved the district court to dismiss the ancillary proceeding. He contended that because the judgment in his criminal case did not include a final order of forfeiture, the court lacked authority to entertain a § 853(n) ancillary proceeding. Latoya, Reedy, and Foster subsequently moved the court to

3

dismiss the ancillary proceeding on the same ground. In response, the Government moved to correct the judgment in Pease's criminal case pursuant to Rule 36 of the Federal Rules of Criminal Procedure, which authorizes a district court to correct clerical mistakes in judgments.

The magistrate judge (to whom the district court referred the matter), in a report to the district court, concluded that Latoya and Reedy had failed to carry the burden of proof prescribed by § 853(n)(6) and that the statute barred Pease from claiming his interest in the forfeited property. On June 6, 2000, the district court, adopting the magistrate judge's conclusions, entered an order amending the judgment in Pease's criminal case, denying the petitioners' claims, and granting the Government's motion to strike Pease's claim.

Pease, Reedy, and Latoya appealed the district court's order. We accepted the appeal only as to Reedy and Latoya, and concluded that Pease's petition was barred by § 853(n)(2). United States v. Pease, 331 F.3d 809, 811 (11th Cir. 2003) (hereafter Pease II). We determined that (1) the Government never acquired Pease's interest in any of the properties because the forfeiture had not been included in the judgment in Pease's criminal case, and (2) the district court misused Rule 36 to modify the judgment because the alteration of the judgment was substantial. We reversed the district court's order and remanded the case with

4

instructions that the district court dismiss the ancillary proceeding for lack of an order of forfeiture.

In June 2004, Reedy, Latoya, and Foster filed a joint motion for attorney's fees and costs pursuant to EAJA, 28 U.S.C. § 2412(d)(1)(B). Pease and the claimants filed a joint motion to dismiss the action, for return of the property listed in the POF, and for damages stemming from the "wrongful seizure" of the properties. Pease also moved the court to grant him attorney's fees and costs pursuant to 28 U.S.C. § 2412(d)(1)(B). Pease also claimed that he was entitled to such fees and expenses under § 2412 through the Hyde Amendment. The district court dismissed the ancillary proceeding, denied the claimants's motions for attorney's fees, and awarded costs in the amount of $40. The claimant now appeals the district court's order denying them attorney's fees and costs.

Reedy, Foster, and Latoya contend that the district court abused its discretion by denying their motion for attorney's fees and costs under EAJA because the Government's pursuit of the forfeiture of Pease's property was not substantially justified. The claimants assert that at the time the Government moved the district court pursuant to Rule 36 to correct the judgment in Pease's criminal case to include the omitted forfeiture order, it knew that Rule 36 was not a proper vehicle to correct that judgment. Pease contends that the district court erred by

denying him reimbursement for attorney's fees and costs under the Hyde Amendment. He submits that he was a prevailing party on the issue of the Government's misuse of Rule 36 as a method for correcting the omission of the forfeiture from the judgment. He says that the Government's action in seeking forfeiture was vexatious, frivolous, and in bad faith. Reedy contends that the district court failed to address her claim to the real property on Daphne Drive.

## I. Foster's EAJA claim

A plaintiff seeking to invoke a federal court's jurisdiction bears the burden of establishing standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). Article III of the United States Constitution requires "the party who invokes the court's authority to 'show that [s]he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant,' and that the injury 'fairly can be traced to the challenged action' and 'is likely to be redressed by a favorable decision.'" Valley Forge Christian College v. Americans United for Separation of Church and State, 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982)(citations omitted). "It is well established that in order to contest a forfeiture, a claimant first must demonstrate a sufficient interest in the property to give him Article III standing; otherwise, there is no 'case or controversy,' in the constitutional sense,

6

capable of adjudication in the federal courts." <u>United States. v. $38,000.00 Dollars in U.S. Currency</u>, 816 F.2d 1538, 1543 (11th Cir. 1987)(civil forfeiture case).

The record reveals that Foster withdrew her claim from the ancillary proceeding and therefore is not able to demonstrate an interest in any property that was the subject of the forfeiture count in Pease's criminal case.  Moreover, she was not a party in the appeal of the ancillary proceeding in <u>Pease II</u>.   Accordingly, she lacks standing to move for attorney's fees and costs.

## II. Pease's EAJA claim

21 U.S.C. § 853(n)(2) states:

> Any person, **other than the defendant**, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

<u>See</u> 21 U.S.C. § 853(n)(2)(emphasis added).  In relevant part, § 2412 provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in **any civil action** (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

7

28 U.S.C. § 2412(d)(1)(A) (emphasis added). While a proceeding ancillary to a criminal forfeiture prosecution—in which innocent third parties seek adjudication of the validity of their interests in the property—is a civil action, the criminal forfeiture of a defendant's interest in property is a mandatory element of the sentencing package. See United States v. Douglas, 55 F.3d 584, 585 (11th Cir. 1995); see United States v. Gilbert, 244 F.3d 888, 924 (11th Cir. 2001).

Because Pease's petition in the ancillary proceeding had been barred by § 853(n)(2), we refused to consider his claims in Pease II. Thus, Pease lacks standing to raise in this appeal any challenge relating to the ancillary proceeding. Moreover, because § 2412(d)(1)(A) provides for payment of attorney's fees and costs to prevailing parties in civil actions, and Pease was a defendant in the criminal action, the district court correctly concluded that he was not entitled to the fees and costs pursuant to § 2412(d).

## III. Reedy's and Latoya's EAJA claim

Section 2412(d) authorizes a district court to award fees and expenses after making three findings: (1) the litigant opposing the United States must be a prevailing party; (2) the government's position must not have been substantially justified; and (3) there must be no circumstances that make an award against the government unjust. Jean v. Nelson, 863 F.2d 759, 765 (11th Cir. 1988), aff'd sub

nom. Commissioner, I.N.S. v. Jean, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). "The government's position is substantially justified under EAJA when it has a "reasonable basis both in law and fact." Id. at 767. "[T]his question is one which the district courts are better positioned to decide." Id. (internal citation omitted). In making the determination, the district court may consider (1) the state at which the litigation was resolved; (2) views expressed by other courts on the merits; (3) the legal merits of the government's position; (4) the clarity of the governing law; (5) the foreseeable length and complexity of the litigation; and (6) the consistency of the government's position. Id.

A party is deemed to have abandoned an issue that it includes in its statement of issues but does not address in its brief. See Cheffer v. Reno, 55 F.3d 1517, 1519 n.1 (11th Cir. 1995).

The only dispute Reedy and Latoya raise in this appeal is whether the Government's position was substantially justified. The district court did not abuse its discretion in denying Reedy's and Latoya's motion because the Government's position was substantially justified. At the time the Government moved the district court to modify the judgment to include the forfeiture order, it was not clear from the case law in this circuit whether Rule 36 was a proper vehicle for modifying a judgment to include an omitted forfeiture provision. Further, based on events that

9

unfolded in Pease's criminal case, the Government had reason to believe that its position regarding the correction of the judgment was justified. Pease's indictment included a forfeiture count, Pease's plea agreement contained a forfeiture provision, and at the change of plea hearing the magistrate judge questioned Pease about his understanding of the forfeiture. At the sentencing hearing, the court and the Government again briefly addressed the forfeiture of Pease's property, and defense counsel confirmed that he was not challenging the forfeiture. Because Pease never objected to the forfeiture of his property, the Government's belief that Pease's property had been forfeited was reasonable.

### IV. Pease's Hyde Amendment claim

A grant or denial of attorney's fees under the Hyde Amendment "is reviewed for an abuse of discretion." United States v. Adkinson, 247 F.3d 1289, 1290 (11th Cir. 2001). "'An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award [or a denial] upon findings of fact that are clearly erroneous.'" United States v. Gilbert, 198 F.3d 1293, 1298 (11th Cir. 1999)(citation omitted).

The Hyde Amendment provides in relevant part that

[d]uring fiscal year 1998 and in any fiscal year thereafter, the court, in any criminal case (other than a case in which the defendant is represented by assigned counsel paid for by the public) pending on or after the date of the enactment of this Act [Nov. 26, 1997], may award

10

to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust. Such awards shall be granted pursuant to the procedures and limitations (but not the burden of proof) provided for an award under section 2412 of title 28, United States Code.

See Pub. L. No. 105-119, 111 Stat. 2440, 2519 (1997) (reprinted in 18 U.S.C. § 3006A, historical and statutory notes). "'Vexatious' means 'without reasonable or probable cause or excuse.'" Gilbert, 198 F.3d at 1299. "A 'frivolous action' is one that is "[g]roundless ... with little prospect of success; often brought to embarrass or annoy the defendant." Id. "Finally, 'bad faith' 'is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; ... it contemplates a state of mind affirmatively operating with furtive design or ill will." Id. (citations omitted).

As discussed above, because the Government's position with regard to the Rule 36 matter was substantially justified, Pease has not shown that it was vexatious, frivolous, or pursued in bad faith. Accordingly, the district court did not abuse its discretion by denying Pease an award of attorney's fees and costs under the Hyde Amendment.

## V. Daphne Drive property

The subject matter jurisdiction of the district court is a question of law and,

11

therefore, subject to <u>de novo</u> review. <u>United States v. Perez</u>, 956 F.2d 1098, 1101 (11th Cir. 1992). Article III of the Constitution limits the "judicial power" of the United States to the resolution of "cases" and "controversies." <u>Valley Forge Christian College</u>, 454 U.S. at 471, 102 S.Ct. at 757. (citations omitted).

Under the law of the case doctrine, a legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time. <u>See</u> <u>United States v. Escobar-Urrego</u>, 110 F.3d 1556, 1560 (11th Cir. 1997); <u>see also</u> Fed.R.App.P 4(a)(1)(B)(when United States is a party, notice of appeal must be filled within 60 days).

The record reveals that the Government abandoned its intent to forfeiture the Daphne Drive property. Although Reedy filed a notice of appeal from the district court's June 6, 2000 order, she did not challenge the district court's resolution regarding the Daphne Drive property. Accordingly, Reedy waived that issue and her attempt to appeal it is untimely. Moreover, because the Government did not seize the Daphne Drive property and withdrew any claim to it, the title dispute over the property became a private matter between Reedy and other parties involved. The requirement of a case or controversy is not satisfied under these

12

circumstances; hence, we lack jurisdiction to review Reedy's claim regarding the

Daphne Drive property.

AFFIRMED.