[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15030
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-21705-JEM


WALLACE C. JONES, JR.,

Plaintiff-Appellant,

versus

KEVIN THOMAS,
Metro Police Department,
a.k.a. Kelvin Johnson,
D. EDWARDS,
R. DESROCHES,
JUDGE DEEHL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 24, 2015)

Before MARCUS, WILLIAM PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiff Wallace Jones, Jr. appeals *pro se* the district court's denial of his motion to reconsider its prior decision denying his motion to reopen his civil rights action that was dismissed in 2011. After review, we affirm.

## I. Procedural History

In May 2010, Plaintiff, proceeding *pro se*, filed a civil rights action, pursuant to 42 U.S.C. § 1983, against three Miami police officers and a Florida state judge, arising from his arrest and prosecution for falsely impersonating an officer and unlawfully using a police badge. Plaintiff alleged that the officers and judge violated his federal and state constitutional rights by detaining him at his home and arresting and jailing him without a warrant or probable cause, using excessive force during his arrest, not providing him with notice of the charges, and discriminating against him on unspecified grounds.

In March 2011, the district court dismissed Plaintiff's complaint with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as to every claim except one. Concluding that Plaintiff's allegations were ambiguous as to whether he was inside his house when arrested without a warrant, the district court dismissed this claim without prejudice. Plaintiff amended the complaint as to this claim, but the district court determined that Plaintiff had not stated a

2

constitutional violation.  Accordingly, in October 2011, the district court dismissed with prejudice this final claim and the corresponding amended complaint.

Plaintiff appealed to this Court.  Determining that Plaintiff's appeal was frivolous, we denied Petitioner's motion for leave to proceed on appeal *in forma pauperis.*  In May 2012, after Plaintiff failed to pay the required filing fee, we dismissed his appeal for want of prosecution.

On July 17, 2014, Plaintiff moved the district court to reopen his case.  Albeit in an abbreviated form and focusing on only one of the three Miami police officers and only on violations of the Florida Constitution, Plaintiff reasserted the same allegations and claims that he had raised in his original and amended complaints.  The district court denied Plaintiff's motion to reopen on October 20, 2014.

On October 29, 2014, pursuant to Rule 59 of the Federal Rules of Civil Procedure, Plaintiff filed a motion to reconsider the district court's denial of his motion to reopen.  Plaintiff restated the facts surrounding his arrest and reasserted the same claims raised in his original and amended complaints.  Plaintiff also alleged that Defendants' actions violated the Florida Constitution and Florida law.  Finding that Plaintiff had not presented manifest errors of law or fact or newly-discovered evidence, the district court denied Petitioner's motion to reconsider.

3

## II. Discussion

We review the denial of a Rule 59 motion for abuse of discretion. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). We liberally construe *pro se* pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A Rule 59 motion asks the court to alter or amend a judgment, and such a motion must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59. "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur*, 500 F.3d at 1343 (alteration in original). A Rule 59 motion cannot be used "to relitgate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.*

Here, the district court did not abuse its discretion in denying Plaintiff's Rule 59 motion to reconsider the district court's prior denial of his motion to reopen. As the district court correctly found, Plaintiff did not present any newly-discovered evidence or assert any manifest errors of law or fact in his motion to reconsider. Instead, Plaintiff attempted to use his Rule 59 motion to relitigate old matters by reiterating the facts and claims that had been raised in his original and amended complaints, both of which were previously dismissed for failing to state a claim. The only new argument Plaintiff raised in his motion to reconsider was that additional Florida constitutional provisions and Florida law supported his claim.

4

However, there is no reason that this argument could not have been raised in Plaintiff's earlier proceedings.

Moreover, Plaintiff did not show in his motion to reconsider (and does not show here) how the district court's denial of his motion to reopen was a manifest error of law or fact. Indeed, we find nothing in the district court's order that would constitute such an error. None of the conditions outlined in Rule 60(b) of the Federal Rules of Civil Procedure provide a basis for reopening Plaintiff's case (and vacating the 2011 dismissal orders).[1] First, to the extent that Plaintiff was seeking to reopen based on mistake, newly-discovered evidence, or fraud under Rule 60(b)(1)-(3), his motion to reopen was time-barred. *See* Fed. R. Civ. P. 60(c) (providing that motions brought under Rule 60(b)(1)-(3) must be made no more than a year after the entry of the judgment). Second, reasons (4) and (5) of Rule 60(b) are inapplicable. *See* Fed. R. Civ. P. 60(b)(4)-(5). Assuming then that Plaintiff's motion to reopen was based on the catch-all provision of Rule 60(b)(6), the district court did not manifestly err in denying the motion to reopen because

---

[1] Plaintiff did not indicate that he was filing his motion to reopen pursuant to Rule 60(b). However, given Plaintiff's *pro se* status and the fact that he is asking the district court to vacate its prior orders dismissing his original and amended complaints, we liberally construe Plaintiff's motion as being filed pursuant to Rule 60(b).

Under Rule 60(b), the district court may relieve a party of a final judgment or order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not previously have been discovered with reasonable diligence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment that has been satisfied, released or discharged, that is based on an earlier judgment that has been reversed or vacated, or that it would no longer be equitable to apply prospectively; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

5

Plaintiff did not present any extraordinary circumstances that warranted relief. *See Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) ("Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." (quotation marks omitted)).

Accordingly, the district court's denial of Plaintiff's motion to reconsider is **AFFIRMED**.