VIRGINIA EMERSON HOPKINS, Senior United States District Judge
This is a civil action between Plaintiff Angela T. Barbee and Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration (the "Commissioner"). Before the Court is the Commissioner's Motion for Clarification (doc. 29) regarding the Court's Memorandum Opinion and Order (doc. 26) (the "EAJA Fee Order") dated October 19, 2018. In its EAJA Fee Order, the Court awarded Plaintiff attorney's fees of $16,745.34 and *1211 costs of $625.68 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). In her Motion for Clarification, the Commissioner "requests that the Court explicitly indicate whether the $625.68 awarded [in the EAJA Fee Order] is for costs according to 28 U.S.C. § 2412(a) or expenses under 28 U.S.C. § 2412(d)(2)(A)." (Doc. 29 at 2).
The Motion for Clarification is GRANTED to the extent that the Court, in this opinion-and as it did in its EAJA Fee Order-will indicate that the $625.68 in costs were awarded pursuant to 28 U.S.C. § 2412(d) because such costs are encompassed in the definition of "fees and other expenses." However, to the extent that the Motion for Clarification can be construed as a motion for reconsideration, it is DENIED . In its EAJA Fee Order, the Court clearly indicated that the $625.68 in costs were awarded pursuant to 28 U.S.C. § 2412(d), and the Court did not err when awarding such costs.
I. PROCEDURAL HISTORY
Plaintiff initiated this action on January 30, 2015, seeking a review of a final adverse decision of the Commissioner, who denied her application for disability insurance benefits. (Doc. 1 at 1-2). On July 24, 2018, the Court issued a Memorandum Opinion (doc. 19) and a Final Order (doc. 20) affirming in part and reversing in part the decision of the Commissioner and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g).
On September 6, 2018, Plaintiff filed a Motion for Award of Attorney's Fees and Costs (doc. 22) (the "EAJA Fee Motion"). In her EAJA Fee Motion, Plaintiff, "pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)," requested "an award of attorney's fees in the amount of $16,799.37 and costs of 625.68." (Id. at 1). Attached to the EAJA Fee Motion were three documents: (1) an Affidavit and Assignment of Fees (doc. 22-1) by Plaintiff, (2) an Affidavit (doc. 22-2) by Plaintiff's attorney, and (3) a Memorandum of Law (doc. 22-3) in support of the EAJA Fee Motion. On September 19, 2018, the Commissioner filed her opposition (doc. 23) to the EAJA Fee Motion. In her opposition, the Commissioner only objected to Plaintiff's request for $16,799.37 in attorney's fees and did not object to Plaintiff's request for $625.68 in costs. (See id. at 1-2). On September 28, 2018, Plaintiff filed her reply brief (doc. 24) in support of the EAJA Fee Motion.
On October 19, 2018, the Court entered its EAJA Fee Order. (Doc. 26). In its EAJA Fee Order, the Court analyzed Plaintiff's request for $625.68 in costs pursuant to the EAJA, 28 U.S.C. § 2412(d), as follows:
Plaintiff requests $625.68 in costs. (Doc. 22 at 1; doc. 22-3 at 9). Plaintiff has provided an itemized list of the costs (doc. 22-2 at 12-13), which show that the costs were incurred in obtaining medical records and pharmacy records. (See id. ; doc. 22-3 at 9). The Commissioner does not challenge Plaintiff's requests for costs.
The EAJA provides in relevant part that "a court shall award ... fees and other expenses." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). " '[F]ees and other expenses' includes ... the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case." 28 U.S.C. § 2412(d)(2)(A). Upon due consideration, the Court finds that the medical records and pharmacy records were "necessary for the preparation of [Plaintiff's] case." See id. Accordingly, the Court will award Plaintiff $625.68 in costs. See *1212 Cook v. Astrue , No. 09-72, 2011 WL 1549212, at *2, *4 (N.D. Fla. Mar. 21, 2011) (awarding, inter alia , $52.00 in expenses, which "were incurred in obtaining certain of [the] [p]laintiff's medical records"), report and recommendation adopted, No. 09-72, 2011 WL 1539771 (N.D. Fla. Apr. 21, 2011).
(Doc. 26 at 32-33). Accordingly, pursuant to the EAJA, 28 U.S.C. § 2412(d), the Court, in addition to awarding Plaintiff $16,745.34 in attorney's fees, also awarded Plaintiff $625.68 in costs. (Id. at 32-33, 35).
Finally, on November 15, 2018, the Commissioner filed her Motion for Clarification pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 29).[1]
II. STANDARD
To the extent that the Motion for Clarification can be construed as a motion for reconsideration, "the decision to [reconsider a judgment] is committed to the sound discretion of the district judge." Region 8 Forest Serv. Timber Purchasers Council v. Alcock , 993 F.2d 800, 806 (11th Cir. 1993). However, "reconsideration of a judgment pursuant to Rule 59(e)... is 'an extraordinary remedy which should be used sparingly.' " Daker v. Warren , No. 10-3815, 2012 WL 2403437, at *4 (N.D. Ga. June 25, 2012) (quoting 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER , FEDERAL PRACTICE AND PROCEDURE § 2810.1 ). In fact, "[t]he extremely limited nature of the Rule 59(e) remedy cannot be overstated." Lee v. Thomas , No. 10-587, 2012 WL 3137901, at *2 n.1 (S.D. Ala. Aug. 1, 2012) (emphasis added); Jenkins v. Dunn , No. 08-869, 2017 WL 1927861, at *2 (N.D. Ala. May 10, 2017) (emphasis added) (quoting Lee , 2012 WL 3137901, at *2 n.1 ) (stating that there is only a "limited scope of relief that is available to a litigant under Rule 59(e)"), appeal docketed sub nom. Jenkins v. Comm'r, Ala. Dep't of Corr. , No. 17-12524 (June 6, 2017).
"The only grounds for granting [a Rule 59 ] motion are newly-discovered evidence or manifest errors of law or fact." Jones v. Thomas , 605 F. App'x 813, 814 (11th Cir. 2015) (alteration in original) (emphasis added) (quoting Arthur v. King , 500 F.3d 1335, 1343 (11th Cir. 2007) (alteration in original) ). "In order to demonstrate clear error, the party must do more than simply restate his previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." Atl. Mut. Ins. Co. v. Am. Cas. Co. of Reading, Pa. , No. 08-1737, 2010 WL 11508266, at *1 (M.D. Fla. Mar. 23, 2010) (emphasis added) (quoting O'Neill v. Home Depot U.S.A., Inc. , 243 F.R.D. 469, 483 (S.D. Fla. 2006) ).
Further, "[a] Rule 59 motion cannot be used 'to relit[i]gate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.' " Jones , 605 F. App'x at 814 (quoting Arthur , 500 F.3d at 1343 ); see also Stone v. Wall , 135 F.3d 1438, 1442 (11th Cir. 1998) ("The purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed."). "A district court's denial of reconsideration is especially soundly exercised when the party has failed to articulate any reason for the failure to raise an *1213 issue at an earlier stage in the litigation." Lussier v. Dugger , 904 F.2d 661, 667 (11th Cir. 1990) (citing Van Ryn v. Korean Air Lines , 640 F.Supp. 284, 286 (C.D. Cal. 1985) ).
III. ANALYSIS
In her Motion for Clarification, the Commissioner "requests that the Court explicitly indicate whether the $625.68 awarded [in the EAJA Fee Order] is for costs according to 28 U.S.C. § 2412(a) or expenses under 28 U.S.C. § 2412(d)(2)(A)."[2] (Doc. 29 at 2). The Commissioner argues that the Court did not clearly indicate under which section the $625.68 were awarded because of its use of the word "costs" in its EAJA Fee Order when referring to the $625.68. (Id. at 1-2).
More specifically, the Commissioner states that "attorney's fees and [other] expenses," which are awarded under 28 U.S.C. § 2412(d), "are treated differently under the EAJA and are paid out of a separate fund" than "costs," which are awarded under 28 U.S.C. § 2412(a). (Id. at 2) (citing 28 U.S.C. § 2412(a)(1), (d) ). The Commissioner argues that the Court's EAJA Fee Order was confusing because, although Plaintiff "request[ed] that the $625.68 be reimbursed under [ 28 U.S.C. § 2412(d) ] and consistently use[d] the term 'expenses' when discussing the [$625.68,]" and although "the Court cited and quoted 28 U.S.C. § 2412(d)(2)(A)" "when discussing the $625.68," the Court then used the word "costs" when "[it] ordered the Commissioner to pay Plaintiff ... $625.68 in costs." (See doc. 29 at 1-2) (citing doc. 22-3 at 1, 3, 8; doc. 26 at 32-33, 35).
However, despite the Commissioner's argument to the contrary, the Court clearly indicated in its EAJA Fee Order that the $625.68 in costs were awarded pursuant to 28 U.S.C. § 2412(d). Further, to the extent that the Commissioner in her Motion for Clarification is requesting that the Court reconsider its decision to award the $625.68 in costs pursuant to 28 U.S.C. § 2412(d), this is an improper request, and the Court will not reconsider its EAJA Fee Order.
The Court will first explain why it is clear that the Court awarded the $625.68 in costs pursuant to 28 U.S.C. § 2412(d) and not pursuant to 28 U.S.C. § 2412(a). The Court will then address why it will not reconsider its decision to award the $625.68 in costs pursuant to 28 U.S.C. § 2412(d).
A. The Court in its EAJA Fee Order Clearly Awarded the $625.68 in Costs Pursuant to 28 U.S.C. § 2412(d)
The Court clearly indicated in its EAJA Fee Order-and it is again indicating in this opinion-that the $625.68 in costs were awarded to Plaintiff pursuant to 28 U.S.C. § 2412(d) and not pursuant to 28 U.S.C. § 2412(a). The Court's application of 28 U.S.C. § 2412(d) is clear because (1) Plaintiff's EAJA Fee Motion and the corresponding affidavits and briefs cited and discussed 28 U.S.C. § 2412(d) but never cited or discussed 28 U.S.C. § 2412(a) ; (2) the Court's EAJA Fee Order cited 28 U.S.C. § 2412(d) but never cited or discussed *1214 28 U.S.C. § 2412(a) ; and (3) given that the Court only cited 28 U.S.C. § 2412(d), the Court's use of the word "costs" is not confusing.
1. Plaintiff's EAJA Fee Motion and the Corresponding Affidavits and Briefs Cited 28 U.S.C. § 2412(d) But Not 28 U.S.C. § 2412(a)
Plaintiff's EAJA Fee Motion and all of the corresponding affidavits and briefs cited and discussed 28 U.S.C. § 2412(d) (see, e.g. , doc. 22 at 1; doc 22-1 at 1, ¶ 3; doc. 22-2 at 1; doc. 22-3 at 1; doc. 23 at 1)[3] but never cited or discussed 28 U.S.C. § 2412(a). (See generally doc. 22; doc. 22-1; doc. 22-2; doc. 22-3; doc. 23; doc. 24). In fact, the full title of Plaintiff's EAJA Fee Motion is "Motion for Award of Attorney Fees and Costs Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)" (doc. 22 at 1) (emphasis added) (capitalization omitted), and Plaintiff specifically requested "an award of attorney fees of $16,799.37 and costs of $625.68 ... under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)." (Doc. 22-3 at 1) (emphasis added). Accordingly, it is clear that the Court awarded Plaintiff the $625.68 in costs pursuant to 28 U.S.C. § 2412(d), which was cited in the EAJA Fee Motion and the corresponding affidavits and briefs and under which Plaintiff requested the $625.68 in costs, and not pursuant to 28 U.S.C. § 2412(a), which was never cited in the EAJA Fee Motion and the corresponding affidavits and briefs.
2. The Court Cited 28 U.S.C. § 2412(d) But Not 28 U.S.C. § 2412(a)
The Court's EAJA Fee Order also cited and discussed 28 U.S.C. § 2412(d) (see, e.g. , doc. 26 at 1, 3, 7, 33) but never cited or discussed 28 U.S.C. § 2412(a). (See generally id. ) More specifically, in its discussion of the $625.68 in costs in its EAJA Fee Order, the Court cited 28 U.S.C. § 2412(d)(1)(A) for the proposition that "a court shall award ... fees and other expenses" and cited 28 U.S.C. § 2412(d)(2)(A) for the definition of the phrase "fees and other expenses." (See doc. 26 at 33) (citing 28 U.S.C. § 2412(d)(1)(A), (d)(2)(A) ).[4] Accordingly, it is clear that the Court awarded Plaintiff the $625.68 in costs pursuant to 28 U.S.C. § 2412(d), to which the Court cited, and not pursuant to 28 U.S.C. § 2412(a), to which the Court never cited.
3. The Court's Use of the Word "Costs" Is Not Confusing
Given that the Court only cited 28 U.S.C. § 2412(d), the Court's use of the word "costs" when referring to the $625.68 is not confusing for the following three reasons.
First, despite the fact that 28 U.S.C. § 2412(a) uses the term "costs" and 28 U.S.C. § 2412(d) uses the phrase "fees and other expenses," in the Eleventh Circuit, certain costs are also awardable under 28 U.S.C. § 2412(d) as "other expenses." This is because the Eleventh Circuit, just like the Second Circuit and the Ninth Circuit, has adopted a broad interpretation of what constitutes "fees and other expenses" under 28 U.S.C. § 2412(d). See Jean v. Nelson , 863 F.2d 759, 776-78 (11th Cir. 1988) (citing, inter alia , Aston v. Sec'y of Health & Human Servs. , 808 F.2d 9, 12 (2d Cir. 1986) ; Int'l Woodworkers of Am. v. Donovan , 792 F.2d 762, 767 (9th Cir. 1985) ), aff'd sub nom. Comm'r, I.N.S. v. Jean , 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). In Jean , the Eleventh Circuit stated that "the list of expenses provided in *1215 § 2412(d)(2)(A) was not meant to be all-inclusive." Id. at 777 (quoting City of Brunswick v. United States , 661 F.Supp. 1431, 1445 (S.D. Ga. 1987), rev'd on other grounds , 849 F.2d 501 (11th Cir. 1988) ). Accordingly, what can be recovered as "fees and other expenses" under 28 U.S.C. § 2412(d) is not limited by the definition of "fees and other expenses" in 28 U.S.C. § 2412(d)(2)(A). See id. at 777-78. Instead, "[t]he limitation on the amount and nature of such expenses is that they must be 'necessary to the preparation of the [prevailing] party's case.' "[5] Id. at 778 (second alteration in original) (citing 28 U.S.C. § 2412(d)(2)(A) ).[6] *1216 Second, numerous courts, including the Supreme Court, the Eleventh Circuit, and district courts in the Eleventh Circuit, have either awarded costs under 28 U.S.C. § 2412(d) or have referred to costs as being awardable under 28 U.S.C. § 2412(d).[7] *1217 Notably, in Teamcare Infusion Orlando, Inc. v. Secretary, U.S. Department of Health & Human Services , the district court awarded the plaintiff $4,279.29 in costs "as 'other expenses' " under 28 U.S.C. § 2412(d). See Teamcare Infusion Orlando, Inc. v. Sec'y, U.S. Dep't of Health & Human Servs. , No. 10-1752, 2012 WL 5830556, at *4 (M.D. Fla. Nov. 1, 2012) ), report and recommendation adopted, No. 10-1752, 2012 WL 5830550 (M.D. Fla. Nov. 16, 2012). In fact, the Supreme Court has even referred to 28 U.S.C. § 2412(d) as the "EAJA's cost provision." Astrue v. Ratliff , 560 U.S. 586, 594, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010) (referring to the "EAJA's cost provision" and then quoting and citing " § 2412(d)(2)(A)").
Third, in her Motion for Clarification, the Commissioner states that "[i]n Plaintiff's petition, she ... requests the $625.68 be reimbursed under [ 28 U.S.C. § 2412(d) ] and consistently uses the term 'expenses' when discussing the fees." (Doc. 29 at 2) (citing doc. 22-3 at 1, 3, 8). However, quite to the contrary, Plaintiff did not "consistently use[ ] the term 'expenses' when discussing the [$625.68]." Instead, Plaintiff only used the term "expenses" when discussing 28 U.S.C. § 2412(d) generally (see doc. 22-3 at 1, 3, 8) and used the term "costs" when specifically referring to the $625.68 spent on obtaining the medical and pharmacy records. (See doc. 22 at 1-2; doc. 22-2 at 6; doc. 22-3 at 1, 9). The Court, just like Plaintiff, also used the term "expenses" when discussing 28 U.S.C. § 2412(d) generally (see doc. 26 at 3-4, 7-9, 12-13, 33) and used the term "costs" when specifically referring to the $625.68 spent on obtaining the medical and pharmacy records. (See doc. 26 at 7-8, 32-33, 35). Accordingly, the Court and Plaintiff used the terms "expenses" and "costs" similarly. If it was clear to the Commissioner that, as she states in her Motion for Clarification, Plaintiff "request[ed] the $625.68 be reimbursed under [ 28 U.S.C. § 2412(d) ]" (doc. 29 at 2), then it should also have been clear that the Court awarded Plaintiff the $625.68 pursuant to 28 U.S.C. § 2412(d).
Accordingly, for these three reasons, the Court's use of the word "costs" is not confusing regarding whether the Court awarded the $625.68 pursuant to 28 U.S.C. § 2412(a) or 28 U.S.C. § 2412(d), especially when the Court only cited 28 U.S.C. § 2412(d).
B. The Court Will Not Reconsider Its Decision To Award the $625.68 in Costs Pursuant to 28 U.S.C. § 2412(d) Instead of 28 U.S.C. § 2412(a) Because Rule 59 Cannot Be Used To Raise New Arguments
In her opposition to the EAJA Fee Motion, the Commissioner never argued that the $625.68 in costs that Plaintiff requested pursuant to 28 U.S.C. § 2412(d) should instead be awarded pursuant to 28 U.S.C. § 2412(a). (See generally doc. 23). In fact, the Commissioner never mentioned the $625.68 in costs in her opposition. (See generally id. ) Accordingly, the Commissioner cannot raise this argument now. See Jones , 605 F. App'x at 814 (quoting Arthur , 500 F.3d at 1343 ); Stone , 135 F.3d at 1442. This is "especially" true in this case because the Commissioner "has failed to articulate any reason for the failure to raise [this] issue at an earlier stage in the litigation." Lussier , 904 F.2d at 667 (citing Van Ryn , 640 F.Supp. at 286 ).
IV. CONCLUSION
The Motion for Clarification is GRANTED to the extent that the Court, in this *1218 opinion-and as it did in its EAJA Fee Order-indicated that the $625.68 in costs were awarded pursuant to 28 U.S.C. § 2412(d) because such costs are encompassed in the definition of "fees and other expenses." However, to the extent that the Motion for Clarification can be construed as a motion for reconsideration, it is DENIED .
DONE and ORDERED this the 28th day of November, 2018.

The Court notes that "[a] post-judgment motion may be treated as made pursuant to either [ Fed. R. Civ. P. ] 59 or 60 -regardless of how the motion is styled by the movant-depending on the type of relief sought." Mays v. U.S. Postal Serv. , 122 F.3d 43, 46 (11th Cir. 1997) (footnote omitted). The Court will treat the Motion for Clarification as being made pursuant to Rule 59. However, the Court notes that, even if the Motion for Clarification were treated as being made pursuant to Rule 60, it would still be denied to the extent that it requests the Court to reconsider its EAJA Fee Order. See Fed. R. Civ. P. 60. The Court did not err in its EAJA Fee Order.

The Court notes that 28 U.S.C. § 2412(d)(2)(A) only defines the phrase "fees and other expenses." See 28 U.S.C. § 2412(d)(2)(A). Thus, unlike 28 U.S.C. § 2412(d)(1)(A), it does not provide for an award of such fees and other expenses. See 28 U.S.C. § 2412(d). Accordingly, although the Commissioner refers to 28 U.S.C. § 2412(d)(2)(A) in her Motion for Clarification, the Court will refer more broadly to 28 U.S.C. § 2412(d).

With the exception of Plaintiff's reply brief in support of her EAJA Fee Motion, which did not cite to a specific section of the EAJA. (See generally doc. 24).

See infra note 5.

The Court notes that because the Commissioner did not object to Plaintiff's request for $625.68 in costs pursuant to 28 U.S.C. § 2412(d) (see generally doc. 23), the Court only briefly analyzed Plaintiff's request for $625.68 in costs and did not discuss Jean . (See doc. 26 at 32-33). However, as required by Jean and by 28 U.S.C. § 2412(d), the Court found that the $625.68 spent on obtaining medical and pharmacy records were "necessary for the preparation of [Plaintiff's] case." (See id. at 33) (alteration in original) (quoting 28 U.S.C. § 2412(d)(2)(A) ). Further, the Court also cited a district court case in which the court awarded the plaintiff $52.00 for obtaining medical records pursuant to 28 U.S.C. § 2412(d). (Id. ) (citing Cook v. Astrue , No. 09-72, 2011 WL 1549212, at *2, *4 (N.D. Fla. Mar. 21, 2011) ).

The Court notes, however, that because the costs of obtaining medical and pharmacy records can be awarded pursuant to 28 U.S.C. § 2412(a), Brubaker v. Heckler , No. 85-4355, 1988 WL 62190, at *2-3 (E.D. Pa. June 13, 1988) (awarding the plaintiff $84.00 for the costs of obtaining medical records pursuant to 28 U.S.C. § 2412(a) ), there is an additional issue with this case. This issue is that, while the Eleventh Circuit in Jean interpreted 28 U.S.C. § 2412(d) broadly, the Eleventh Circuit did not explicitly state that expenses that are recoverable as "costs" under 28 U.S.C. § 2412(a) are also recoverable as "other expenses" under 28 U.S.C. § 2412(d). Thus, it may be possible that, in the Eleventh Circuit, 28 U.S.C. § 2412(d) can be used to recover all necessary expenses except for those that are awardable under 28 U.S.C. § 2412(a).
The Court, however, finds otherwise-that, in the Eleventh Circuit, 28 U.S.C. § 2412(d) can be used to recover costs that are also awardable under 28 U.S.C. § 2412(a) -for three reasons. First, the Eleventh Circuit in Jean stated that "[t]he limitation on the amount and nature of [expenses under 28 U.S.C. § 2412(d) ] is that they must be 'necessary to the preparation of the [prevailing] party's case.' " Jean , 863 F.2d at 778 (second alteration in original) (citing 28 U.S.C. § 2412(d)(2)(A) ). The Eleventh Circuit did not add another limitation that, for an expense to be awardable under 28 U.S.C. § 2412(d), it must not be awardable under 28 U.S.C. § 2412(a).
Second, in Cook v. Brown , the Court of Appeals for Veterans Claims discussed whether "the fact that an expense is recoverable as part of 'costs' under section 2412(a), as enumerated in 28 U.S.C. § 1920, precludes the award of that cost item as part of 'expenses' under section 2412(d)(1)(A)." Cook v. Brown , 6 Vet.App. 226, 237 (1994), aff'd, 68 F.3d 447 (Fed. Cir. 1995). Based on a thorough discussion, the Cook Court "[held] that it does not." Id. This Court agrees with the Cook Court's reasoning and finds it consistent with the Eleventh Circuit's reasoning in Jean . Notably, the Cook Court cited the same Second and Ninth Circuit cases that the Eleventh Circuit cited in Jean -Aston and International Woodworkers of America -for the proposition that 28 U.S.C. § 2412(d) can be used to recover expenses that are also recoverable under 28 U.S.C. § 2412(a). Cook , 6 Vet.App. at 238. In fact, the Second Circuit in Aston awarded "photocopying costs" under 28 U.S.C. § 2412(d), Aston , 808 F.2d at 12, even though photocopying costs are awardable under 28 U.S.C. § 2412(a). See 28 U.S.C. § 2412(a) ; 28 U.S.C. § 1920 ; see also Anderson v. Shinseki , No. 07-1145, 2009 WL 2025343, at *2 (Vet. App. July 14, 2009) (citing 28 U.S.C. § 2412(d)(1)(A), (1)(B) for the proposition that a prevailing party can recover "costs and expenses that he incurred in filing his appeal, which includes, but is not necessarily limited to, filing fees and photocopying costs if he incurred these" (emphases added) ).
Third, another district court case in the Eleventh Circuit has interpreted Jean in this manner. See Dir. of Office of Thrift Supervision, U.S. Dep't of Treasury v. Lopez , 141 F.R.D. 165, 167-68 (S.D. Fla. 1992) (stating that "cost[s] ... may be appropriately taxed ... under either [28 U.S.C. § 2412(a) or 28 U.S.C. § 2412(d) ] ). In Lopez , the district court "assum[ed] [that] the receiver's expenses [were] taxable costs." Id. at 167. It then stated that it did not need to determine whether those costs could be awarded under 28 U.S.C. § 2412(a) because, under Jean , they could be awarded under 28 U.S.C. § 2412(d). Lopez shows that, in the Eleventh Circuit, costs that are awardable under 28 U.S.C. § 2412(a) are also awardable under 28 U.S.C. § 2412(d) because, if this were not true, then the Lopez Court would have had to decide whether the costs at issue were awardable under 28 U.S.C. § 2412(a).
Lastly, the Court will address two district court cases that, with little analysis, reach the opposite conclusion. First, in Miller v. Commissioner , the district court cited United States v. Adkinson , 256 F.Supp.2d 1297, 1319 (N.D. Fla. 2003), for the proposition that "if an item is listed in 28 U.S.C. § 1920 as a cost, it is not allowable as an expense under 28 U.S.C. § 2412(d)(1)(A)." Miller v. Comm'r of Soc. Sec. , No. 11-124, 2012 WL 5382115, at *4 (M.D. Fla. Nov. 1, 2012). However, this Court notes that on the page of Adkinson to which the Miller Court cites, the Adkinson Court, inter alia , simply cited and discussed different sections of 28 U.S.C. § 2412 and then summarized that "there are three types of expenses reimbursable under the EAJA: (1) costs enumerated in 28 U.S.C. § 1920, (2) reasonable expenses of attorneys, and (3) reasonable expenses of expert witnesses." See Adkinson , 256 F.Supp.2d at 1319. The Adkinson Court, however, did not explicitly state that its first category of expenses, which includes "costs enumerated in 28 U.S.C. § 1920" and thus includes costs awardable under 28 U.S.C. § 2412(a), see 28 U.S.C. § 2412(a) (cross-referencing 28 U.S.C. § 1920 ), can only be awarded under 28 U.S.C. § 2412(a) and not under 28 U.S.C. § 2412(d). See id. To the extent that such a conclusion can be drawn from the Adkinson Court's straightforward reading of 28 U.S.C. § 2412, the Court finds such a conclusion incorrect. See Cook , 6 Vet.App. at 237-39 (discussing why "a straightforward reading of section 2412(a), (b), and (d)(1)(A) and (2)(A) does not suggest exclusivity of coverage as to costs as among the subsections of section 2412 and specifically as between subsections (a) and (d)").
Second, in Dempsey v. Colvin , the district court concluded that the "plaintiff's expenditures for copying her appellate briefs and record excerpts are 'costs' as described in § 2412(a)(1) rather than 'other expenses' allowable under § 2412(d)(1)(A)." Dempsey v. Colvin , No. 09-790, 2013 WL 3280319, at *4 (M.D. Ala. June 27, 2013). However, the Dempsey Court did not provide any reasoning as to why those costs could not be awarded under either 28 U.S.C. § 2412(a) or 28 U.S.C. § 2412(d). See id.

See, e.g. , Scarborough v. Principi , 541 U.S. 401, 413, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004) (stating that, under 28 U.S.C. § 2412(d)(1)(A), "costs[,] including fees[,] [are] awardable 'in any civil action' brought against the United States 'in any court having jurisdiction of [that] action' " (fourth alteration in original) (emphasis added) (citing 28 U.S.C. § 2412(d)(1)(A) ) ); United States v. Pease , 137 F. App'x 220, 224 (11th Cir. 2005) (stating that "§ 2412(d)(1)(A) provides for payment of attorney's fees and costs to prevailing parties in civil actions" (emphases added) ); Fla. Suncoast Villa, Inc. v. United States , 776 F.2d 974, 975 (11th Cir. 1985) ("[Plaintiff] then filed an application for an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) which authorizes fee awards against the government to a prevailing party.... [T]he [district] court[ ] ... awarded [Plaintiff] attorney's fees of $28,000 and costs of $2,734.04." (emphases added) ); Farhat v. Sec'y, Dep't of Homeland Sec. , No. 15-1433, 2017 WL 3616440, at *1 (M.D. Fla. Apr. 25, 2017) ("Once the time for appealing from the forthcoming amended judgment passes, Plaintiff then has thirty days to file a motion for attorney's fees and costs under 28 U.S.C. § 2412(d)(1) [ ]." (emphases added) ); Wilborn v. Comm'r of Soc. Sec. , No. 11-2249, 2013 WL 1760259, at *1 (M.D. Fla. Apr. 24, 2013) ("To receive costs under § 2412(d), a litigant must meet several procedural requirements." (emphases added) ); Roan v. Comm'r of Soc. Sec. , No. 11-575, 2013 WL 764659, at *1 (M.D. Fla. Feb. 28, 2013) (awarding "costs in the amount of $350.00" pursuant to "the Equal Access to Justice Act (28 U.S.C. § 2412(d) )" (emphases added) ); Wilderness Watch v. Mainella , No. CV202-093, 2005 WL 2290294, at *4 (S.D. Ga. Sept. 20, 2005) (analyzing the plaintiff's request for costs and reducing them under 28 U.S.C. § 2412(d)(2)(A) ).